02-11-193-CR













 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00193-CR

 

 


 
 
 RODNEY ALLEN BOORTZ
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM Criminal District Court No. 2 OF Tarrant
COUNTY

----------

MEMORANDUM
OPINION[1]

----------

A jury
convicted Appellant Rodney Allen Boortz of aggravated assault with a deadly
weapon and unlawful possession of a firearm by a felon and assessed his
punishment at fifteen years’ confinement for the aggravated assault and ten
years’ confinement for unlawful possession of a firearm by a felon.  The trial court sentenced him accordingly and
ordered the sentences to be served concurrently.  Appellant brings a single point on appeal complaining
of charge error.

At
trial, Appellant objected to the proposed jury charge.  After changes were made, the trial court asked
if the parties requested any other changes to the charge.  Appellant’s counsel stated, “[I]t looks like
the charge reflects those changes that I requested.”

A
party may not complain on appeal that he was given the jury charge he
requested.[2]  The invited error rule prohibits a party from
succeeding in having a claimed jury charge error reviewed by a higher court in
hopes of reversal when (1) that party requested the jury charge, and the charge
was given or (2) the party affirmatively and successfully argued that the trial
court include or exclude a portion of the charge.[3]

We therefore
overrule Appellant’s sole point and affirm the trial court’s judgment.

 

 

LEE ANN DAUPHINOT
JUSTICE

 

PANEL:  DAUPHINOT, MCCOY,
and MEIER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  March 15, 2012











[1]See Tex. R. App. P. 47.4.





[2]Prystash v. State, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1102 (2000).





[3]Wileford v. State, 72 S.W.3d 820, 823 (Tex. App.—Fort Worth 2002, pet. ref’d).